UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:15-cr-407 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| GERRON McMILLER, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of *pro se* defendant, Gerron McMiller ("McMiller"), for a judicial recommendation for residential reentry center ("RRC") placement. (Doc. No. 59 (Motion).)

On October 4, 2016, the Court sentenced McMiller to a custody term of 120 months, following the jury's return of a guilty verdict on an indictment charging him with one count of being a felon in possession of multiple weapons and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Doc. No. 48 (Judgment); *see* Doc. No. 1 (Indictment), at 1.) McMiller is currently serving his sentence at FCI Cumberland and has a projected release date of June 22, 2027. *See* https://www.bop.gov/inmateloc/ (last visited 3/26/2024).

The Federal Bureau of Prisons ("BOP"), pursuant to 18 U.S.C. § 3624(c)(1) as amended by the Second Chance Act, Pub. L. No. 110-199, § 251(a), 122 Stat. 657 (2008), may place an inmate in community confinement for no longer than twelve months at the end of his or her sentence. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). While a court may make non-binding recommendations for placement in an RRC or home confinement, the BOP has the exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how

long. 18 U.S.C. § 3621(b); *see Martin v. United States*, No. 05-17, 2008 WL 3546433, at *1–2 (W.D. Pa. Aug. 12, 2008).

The BOP's decision whether to place a prisoner in home confinement or in an RRC at the end of his sentence is guided by five factors set forth in 18 U.S.C. § 3621(b). One of those factors is any statement from the sentencing court. § 3621(b)(4). The sentencing court, therefore, is permitted, where appropriate, to make a non-binding recommendation to the BOP.

The Court understands that, owing to the time remaining in his sentence, the BOP may not yet be in a position to consider McMiller for RRC placement. Nevertheless, the Court has reviewed McMiller's record to date, including his programming and his institutional disciplinary record, and believes he may be an appropriate candidate for RRC placement once such a determination is made. To the extent that the BOP determines he meets the requirements, the Court recommends that he be considered for RRC placement at the appropriate time.

Accordingly, for the foregoing reasons, the Court RECOMMENDS that the BOP place McMiller in an RRC at the earliest possible time and for the longest period provided by law or as otherwise determined by the BOP. The Clerk is directed to serve a copy of this memorandum opinion and order on the Warden of FCI Cumberland, McMiller's case manager at that facility, and McMiller.

**IT IS SO ORDERED**.

Dated: April 3, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**